ACCEPTED
01-15-00129-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/9/2015 3:27:55 PM
CHRISTOPHER PRINE
CLERK

### NO. 01-15-00129-CR

| | | |
|---|---|---|
| **IN RE** | § | **IN THE COURT OF APPEALS** |
| | § | |
| | § | **1ST SUPREME JUDICIAL DISTRICT** |
| | § | |
| **ESCOBAR, TULIO** | § | **AT HOUSTON, TEXAS** |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/9/2015 3:27:55 PM
CHRISTOPHER A. PRINE
Clerk

### MOTION TO STAY PROCEEDINGS IN THE TRIAL COURT

**TO THE HONORABLE JUDGES OF THIS COURT:**

Now comes **TULIO ESCOBAR**, Relator, in the above styled and numbered cause, and moves the court to stay the proceedings in the 351st District Court, under Cause No. 1329944, styled State v. Tulio Escobar, specifically, the motion to revoke probation set for March 24, 2015, and in support of this motion shows:

### I.

Relator filed a Petition for a Writ of Mandamus with this court on February 12, 2015 in an attempt to compel the 351st to sign the Certificate of Appealability in his Notice of Appeal attached to his 11.072 Application for Writ of Habeas Corpus (Trial Court Cause No. 1329944-A). Shortly thereafter, this Court instructed the District Clerk to forward up the record for review, which was filed under Cause No. 01-15-00154-CR on February 18, 2015.

After reviewing the record, this Court issued an Order of Abatement on March 5, 2015. In the order, this Court noted that the Clerk's Record lacked the judge's signature on the Certificate of Appealability, as well as findings of fact and conclusions of law, and ordered the 351st to hold a hearing regarding these issues and file a supplemental clerk's record within 30 days addressing the results.

On March 6, 2015, appellate counsel went to the 351st in an attempt to schedule the hearing requested under the Order of Abatement. Upon approaching the bench, appellate counsel was

informed that the 351st intended to move forward with the motion to revoke in the underlying cause number (see above). Counsel then attempted to explain that the abatement was for the purposes of correcting the record and that the 351st currently lacked jurisdiction to rule on the matter.

The trial court then stated that the appeal was abated, and therefore, the court was within its rights to issue a ruling. Counsel again asked that the trial court hold a hearing to complete the record and remove the hearing for the motion to revoke from its docket. Although the trial court granted counsel's request for a hearing to correct the record, it refused to remove the hearing on the motion to revoke from its docket and again stated its intention to move forward on that matter.

## II.

A hearing to correct the record is set for March 19, 2015, and a hearing on the motion to revoke is set for March 24, 2015. Relator asserts that the trial court lacks the jurisdiction to hear the motion to revoke at this time. Although the appeal has been abated, the stated reasons for remanding back to the trial court were solely to correct and complete the record, and because the clerk was commanded to file a supplemental record within 30 days of the date of the Order of Abatement, at which point, the appeal would be reinstated.

Therefore, Relator is requesting that this Court issue an order directing the trial court to remove the hearing for the motion to revoke set on March 24, 2015 from its docket until after the appeal is reinstated and ruled upon. If this Court does not issue the requested order, Relator will suffer undue hardship and delay in the resolution of his appeal.

First, moving forward on the motion to revoke will sabotage the normal judicial efficiency afforded to criminal defendants generally. Further, counsel will be required to either amend his brief with this Court to address any issues that arose during the hearing, or file a new notice of appeal challenging the motion to revoke, so as to ensure that all viable claims are raised. If these

claims are raised under the current appellate cause number, delay will ensue from the necessity of filing leave to file an amended brief, as well as the actual drafting of the brief itself (it should be noted that the abated appellate cause number is designated as a "fast-track" appeal and is intended to be dealt with relatively quickly). If these claims are addressed under a new appellate cause number, then there will be potentially three open cause numbers between this Court, and possibly the 14th Court of Appeals, which may result in disparate and confusing results, leading to further litigation in order to reconcile the cause numbers.

WHEREFORE, Relator prays the court to stay the proceedings in Cause No. 1329944 until the appeal of Cause No. 1329944-A (01-15-00154-CR) is complete and either denied or remanded back to the trial court for further proceedings in line with the opinion of this Court.

Respectfully submitted,

/s/ Tom Abbate
TOM ABBATE
2425 WEST LOOP SOUTH STE 200
HOUSTON, TX 77027
OFFICE: (832) 209-2279
FAX: (800) 501-3088
tom@tomabbatelaw.com
SBOT # 24072501

ATTORNEY FOR RELATOR

## CERTIFICATE OF SERVICE

This is to certify that on March 9, 2015, a true and correct copy of the above and foregoing document was served on the HON. MARK ELLIS and the District Attorney's Office, HARRIS County, by fax.


/s/ Tom Abbate
TOM ABBATE